**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
Norfolk Division

ANTHONY L. THOMPSON,

        Petitioner,

v.                                             ACTION NO.
                                             2:06cv461

GENE M. JOHNSON, Director of the
Virginia Department of Corrections,

        Respondent.

**UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This matter was initiated by petition for writ of habeas corpus under 28 U.S.C. §2254. The matter was referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C) and Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia. The Court recommends denying the petition for writ of habeas corpus.

**I. STATEMENT OF THE CASE**

**A. Background**

Anthony L. Thompson ("Thompson") was convicted in the Circuit Court for the City of Newport News of grand larceny and burglary and was sentenced to a term of three years imprisonment.

Thompson's direct appeal of his convictions to the Virginia Court of Appeals was denied on January 21, 2005. The Virginia Supreme Court refused Thompson's petition for appeal on May 26, 2005. Thompson then filed a habeas petition in the Virginia Supreme Court which was dismissed

on July 11, 2006.

Thompson filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on August 14, 2006.  He is no longer incarcerated, but is seeking to have these charges deleted from his criminal record.  On December 6, 2006, respondent filed a Rule 5 Answer and Motion to Dismiss.

## B. Grounds Alleged

Thompson asserts the following entitle him to relief under 28 U.S.C. § 2254:

    (a)    he was denied effective assistance of counsel due to counsel's failure to suppress the stolen video game that was the subject of his convictions; and,

    (b)    he was denied effective assistance of counsel due to his counsel's failure to call Tara Mason, Thompson's girlfriend, as a witness.

## II. FINDINGS OF FACT AND CONCLUSIONS OF LAW

In order for this Court to address the merits of this habeas petition, all of Thompson's claims must be exhausted.  See 28 U.S.C. § 2254(b) (2000).  The exhaustion requirement is satisfied when the "essential legal theories and factual allegations advanced in federal court . . . [are] the same as those advanced at least once to the highest state court." Pruett v. Thompson, 771 F. Supp. 1428, 1436 (E.D.Va. 1991), aff'd, 996 F.2d 1560 (4th Cir. 1993).  Exhaustion may be accomplished either on direct appeal or in post-conviction proceedings.  See O'Sullivan v. Boerckel, 526 U.S. 838, 844 (1999) (citing Brown v. Allen, 344 U.S. 443, 447 (1953)); see also Skipper v. French, 130 F.3d 603, 610 n.4 (4th Cir. 1997). Thompson's petition to the Virginia Supreme Court for a writ of habeas corpus contained the same claims raised in the present petition; therefore Thompson's Grounds (a) and (b) meet the exhaustion requirement.

2

_____The Virginia Supreme Court dismissed the claims alleged in Thompson's Grounds (a) and (b) on July 11, 2006.  Thompson v. Dir. of the Dept. of Corrections, Record No. 060190 July 11, 2006.  Pursuant to Title 28 of U.S.C. § 2254, a federal court may not grant relief on any claim that the Virginia Supreme Court adjudicated on the merits[1] unless the Virginia Supreme Court's adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as established by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding.

28 U.S.C. § 2254(d)(1)-(2).

The Supreme Court has explained that this statute "plainly sought to ensure a level of 'deference to the determinations of state courts,' provided those determinations did not conflict with federal law or apply federal law in an unreasonable way."  Williams v. Taylor, 529 U.S. 362 (2000). Consequently, "state-court judgments must be upheld unless, after the closest examination of the state-court judgment, a federal court is firmly convinced that a federal constitutional right has been violated." Id. at 1511.

The Virginia Supreme Court dismissed Thompson's habeas petition on the merits.  The Virginia Supreme Court thoroughly considered Thompson's claims reflected in Grounds (a) and (b) of his current petition.   The Virginia Supreme Court clearly articulated its application of

---

[1]      The Virginia Supreme Court does not have to set forth findings of fact and conclusions of law in its disposition of a claim for the claim to be "adjudicated on the merits." Wright v. Angelone, 151 F.3d 151, 156-57 (4th Cir.1998).

Strickland v. Washington to the facts in this case, therefore, an independent review of the record

is not necessary.  See Bell v. Jarvis, 236 F.3d 149, 163 (4th Cir. 2000).  There is no indication

from the record that the Virginia Supreme Court's adjudication on the merits was contrary to, or

involved an unreasonable application of, clearly established federal law nor has it resulted in a

decision that was based on an unreasonable determination of the facts.  Therefore, this Court

recommends denial of Thompson's petition.

### III. <u>RECOMMENDATION</u>

For the foregoing reasons, the Court recommends that Thompson's petition for writ of habeas

corpus be DENIED and the respondent's motion to dismiss be GRANTED.

Thompson's Grounds (a) and (b) should be DENIED because they were previously

adjudicated by the Virginia Supreme Court on the merits and none of the statutory exceptions

applies that would allow this Court to review the claim on the merits.

Thompson's request for an evidentiary hearing is hereby DENIED.

Thompson has failed to demonstrate "a substantial showing of the denial of a constitutional

right," therefore, it is recommended that the Court decline to issue any certificate of appealability

pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. See Miller-El v. Cockrell, 537

U.S. 322 (2003).

### IV.  <u>REVIEW PROCEDURE</u>

By copy of this Report and Recommendation, the parties are notified that pursuant to 28

U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the  Clerk written objections to the

foregoing findings and recommendations within ten (10) days from the date of mailing of this report

4

to the objecting party, see 28 U.S.C. § 636(b)(1)(C) and Federal Rule of Civil Procedure 72(b), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three (3) days permitted by Rule 6(e) of said rules.  A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

2. A district judge shall make a de novo determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of right to appeal from a judgment of this court based upon such findings and recommendations.  Thomas v. Arn, 474 U.S. 140 (1985); Carr v. Hutto, 737 F.2d 433 (4th Cir. 1984); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

_____
/s/
Tommy E. Miller
UNITED STATES MAGISTRATE JUDGE

Norfolk, Virginia

May 8, 2007

## <u>CLERK'S MAILING CERTIFICATE</u>

A copy of the foregoing Report and Recommendation was mailed this date to the

following:


Anthony L. Thompson
610 Cheeseman Court
Newport News, VA 23608


Josephine Whalen, Esq.
Office of the Attorney General
900 East Main Street
Richmond, VA 23219


Fernando Galindo, Acting Clerk


By _____
Deputy Clerk

May     , 2007

6